**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | Markel CATCo Reinsurance Fund Ltd. |

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)    ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  50599_____ . Describe identifier  Bermuda Registration No.___

For individual debtors:

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Simon Appell and John C. McKenna

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Provisional liquidation proceedings under the Companies Act 1981, a Bermuda statute, pending before the Supreme Court of Bermuda

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    Markel CATCo Reinsurance Fund Ltd.                                    Case number (*if known*)_____
          Name

---

**8.  Others entitled to notice**    Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

| Country where the debtor has the center of its main interests: | Debtor's registered office: |
|---|---|

Country where the debtor has the center of its main interests:

Bermuda
_____

Debtor's registered office:

Crawford House, 50 Cedar Avenue
Number     Street

_____
P.O. Box

Hamilton        HM         11
City          State/Province/Region    ZIP/Postal Code

Bermuda
Country

Individual debtor's habitual residence:

_____
Number     Street

_____
P.O. Box

_____
City     State/Province/Region    ZIP/Postal Code

_____
Country

Address of foreign representative(s):

26 Bermudiana Road, Suite 502
Number     Street

P.O. Box HM 321
P.O. Box

Hamilton        HM         11
City     State/Province/Region    ZIP/Postal Code

Bermuda
Country

---

**10.  Debtor's website** (URL)        http://www.markelcatco.com/

---

**11.  Type of debtor**        *Check one:*

☑ Non-individual (*check one*):

☐   Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐   Partnership

☑   Other.  Specify: _Exempted Company Limited by Shares_____

☐ Individual

---

| Debtor | Markel CATCo Reinsurance Fund Ltd. | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ /s/ Simon Appell                          Simon Appell
    Signature of foreign representative        Printed name

Executed on    10/05/2021
                MM  / DD / YYYY

✗ /s/ John C. McKenna                       John C. McKenna
    Signature of foreign representative        Printed name

Executed on    10/05/2021
                MM  / DD / YYYY

---

**14. Signature of attorney**

✗ /s/ Lisa Laukitis                    Date    10/05/2021
    Signature of Attorney for foreign representative        MM   / DD / YYYY

Lisa Laukitis
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

One Manhattan West
Number        Street

New York                              NY          10001
City                                  State       ZIP Code

2127353000                            lisa.laukitis@skadden.com
Contact phone                         Email address

3040573                               NY
Bar number                            State

---

**EXHIBIT A**

**Statement Pursuant to Bankruptcy Rule 1007(a)(4)**

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Lisa Laukitis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (*pro hac vice*
admission pending)
Anthony R. Joseph (*pro hac vice* admission
pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM (UK) LLP
Peter Newman
40 Bank Street
Canary Wharf
London E14 5DS
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 15 |
| MARKEL CATCO REINSURANCE FUND LTD., *et al.*, | Case No. 21-_____ (___) |
| Debtors in Foreign Proceedings.[1] | (Joint Administration Requested) |

**STATEMENT PURSUANT TO BANKRUPTCY RULE 1007(a)(4)**

Simon Appell of AlixPartners UK LLP and John C. McKenna of Finance & Risk

Services Ltd., in their capacities as the joint provisional liquidators and authorized foreign

representatives (in such capacities, the "**JPLs**" or the "**Foreign Representatives**") of the above-

---

[1] The Debtors are Bermuda companies registered with the Registrar of Companies in Bermuda. The Debtors' respective registration numbers are as follows: Markel CATCo Reinsurance Fund Ltd. (50599); CATCo Reinsurance Opportunities Fund Ltd. (44855); Markel CATCo Investment Management Ltd. (50576); Markel CATCo Re Ltd. (50602). Each of the Debtors has its registered office located at Crawford House, 50 Cedar Avenue, Hamilton HM11, Bermuda.

captioned foreign debtors (collectively, the "**Debtors**") seeking recognition of liquidation proceedings (the "**Provisional Liquidation Proceedings**") under Part XIII of the Companies Act 1981 (as amended, the "**Bermuda Companies Act**"), currently pending before the Supreme Court of Bermuda (the "**Bermuda Court**"), and proposed reorganization proceedings concerning schemes of arrangement under section 99 of the Bermuda Companies Act (the "**Schemes**") that will be filed before the Bermuda Court (the "**Scheme Proceedings**," and together with the Provisional Liquidation Proceedings, the "**Bermuda Proceedings**"), by and through their undersigned counsel, respectfully submit this statement pursuant to rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and represent as follows:

## I.      Consolidated Corporate Ownership Statement

In compliance with the requirements of Bankruptcy Rules 1007(a)(4)(A) and 7007.1, attached hereto as **Schedule 1** is an organizational chart reflecting the corporate structure of the Debtors. Furthermore, to the best of the Foreign Representatives' knowledge, information, and belief, the following is the corporate ownership statement of the Debtors, identifying any corporation, other than a government unit, that directly or indirectly owns 10% or more of any class of the Debtors' equity interests or states that there are no entities to report:

1.      The following entities own, directly or indirectly, 10% or more of the equity interests in Markel CATCo Reinsurance Fund Ltd. as of April 1, 2021:

      a)   Certain pension funds managed by PKA A/S own approximately 40% of shares.

      b)   CATCo Reinsurance Opportunities Fund Ltd. owns approximately 12% of shares.

      c)   Markel CATCo Investment Management Ltd. owns 100% of common shares.

2.      The following entities own, directly or indirectly, 10% or more of the equity interests in CATCo Reinsurance Opportunities Fund Ltd. as of June 30, 2021:

    a) **Class C Shares**: Weiss Asset Management owns 33.79% and Almitas Capital owns 24.90%.

    b) **Ordinary Shares**: Almitas Capital owns 20.65%, Weiss Asset Management owns 18.96%, Baillie Gifford owns 10.89%, and Aberdeen Standard Investments owns 10.48%.

3.    The following entities own, directly or indirectly, 10% or more of the equity interests in Markel CATCo Investment Management Ltd:

    a) Markel Corporation, a Virginia company, indirectly owns 100% of common shares.

    b) Alterra Capital Holdings Limited directly owns 100% of common shares.

4.    The following entities own, directly or indirectly, 10% or more of the equity interests in Markel CATCo Re Ltd.:

    a) Markel CATCo Reinsurance Fund Ltd. owns 100% of preference shares.

    b) Markel CATCo Investment Management Ltd. owns 100% of common shares.

## II.    List of Names and Addresses of All Persons or Bodies Authorized to Administer Foreign Proceedings of the Debtors

In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the following is a list of the names and addresses of all persons or bodies authorized to administer the foreign proceedings of the Debtors:

Simon Appell
Alix Partners UK LLP
6 New Street Square
London, EC4A 3BF
United Kingdom

John C. McKenna
Finance & Risk Services Ltd.
Suite 502, International Centre
26 Bermudiana Road
Hamilton, HM11
Bermuda

### III.   Litigation Parties in the United States

In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the date hereof (the "**Petition Date**"), the Debtors are not parties to any litigation in the United States.

### IV.   Entities Against Whom Relief Is Being Sought Under Section 1519 of the Bankruptcy Code

In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), as of the Petition Date, the Debtors are not seeking relief under section 1519 of the title 11 of the United States Code (the "**Bankruptcy Code**") against any entities.[2]

### V.   Statement Identifying All Foreign Proceedings with Respect to the Debtors that are Known to the Foreign Representatives

In compliance with Bankruptcy Code section 1515(c), as of the Petition Date, the Debtors are not involved in any foreign proceedings other than the Bermuda Proceedings.

*[Remainder of Page Intentionally Left Blank]*

---

[2]   The Debtors reserve the right to seek provisional relief under Bankruptcy Code section 1519 by separate motion.

Dated: October 5, 2021
      New York, New York

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP

              */s/ Lisa Laukitis*
              Lisa Laukitis
              One Manhattan West
              New York, New York 10001
              Telephone: (212) 735-3000
              Fax: (212) 735-2000

              – and –

              Justin M. Winerman (*pro hac vice* admission pending)
              Anthony R. Joseph (*pro hac vice* admission pending)
              155 North Wacker Drive
              Chicago, Illinois 60606-1720
              Telephone: (312) 407-0700
              Fax: (312) 407-0411

              – and –

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM (UK) LLP

              Peter Newman
              40 Bank Street
              Canary Wharf
              London E14 5DS
              Telephone: +44 20 7519 7000
              Fax: +44 20 7519 7070

              *Counsel to the Foreign Representatives*

**SCHEDULE 1**

**Corporate Organizational Chart for the Debtors and Certain Non-Debtors**



Markel Corporation
Public Fund Investors
Private Fund Investors
The Manager
Markel CATCo Investment Management Ltd.
(Bermuda)
Management Agreement
The Public Fund
CATCo Reinsurance Opportunities Fund Ltd.
(Bermuda)
Control Agreement
12% of side pocket shares
100% of common shares
The Private Fund
Markel CATCo Reinsurance Fund Ltd.
(Bermuda)
Segregated Accounts Company
Various Funds
Aquilo Fund
Diversified Fund (Master Fund)
Segregated Accounts
Investment Management Agreement
100% of voting shares
The Reinsurer
Markel CATCo Re Ltd.
(Bermuda)
Segregated Accounts Company
SA1
SA2
SA3
SA4
Segregated Accounts
Insurance Management Agreement
Trust Accounts
TA1
TA2
TA3
TA4
Key
Debtor Entities
Segregated Accounts/ Trust Accounts at Debtor Entities
Non-Debtor Entities
Third-Party Investors

**EXHIBIT B**

**Evidence of Foreign Proceeding**

CERTIFIED TRUE COPY
KEHINDE A. L. GEORGE
Barrister & Attorney of the
Supreme Court of Bermuda
Commissioner for Oaths
ASW Law Limited
Date: 5 October 2021

IN THE SUPREME COURT OF BERMUDA
COMMERCIAL COURT
COMPANIES (WINDING UP)
2021: No. 307

IN THE MATTER OF MARKEL CATCO REINSURANCE FUND LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981

## ORDER

**UPON READING** the Petition presented by Markel CATCo Reinsurance Fund Ltd. (the "**Company**") and the *ex parte* Summons filed herewith seeking the appointment of joint provisional liquidators;

**AND UPON READING** the First Affidavit of Federico Alejandro Candiolo sworn on 27 September 2021 (the "**Affidavit**") and the exhibits thereto;

**AND UPON HEARING** Counsel for the Company;

**IT IS HEREBY ORDERED** as follows:

1.  That Simon Appell of AlixPartners UK LLP of 6 New Street Square, London, EC4A 3BF, United Kingdom and John C. McKenna of Finance & Risk Services Ltd. of 502 International Centre, 26 Bermudiana Road, Hamilton, Bermuda be appointed as joint provisional liquidators of the Company (together, the "**JPLs**", and each, a "**JPL**");

2.  That the JPLs be appointed as the duly authorised "foreign representatives," as that term is defined in the U.S. Bankruptcy Code, of the Company and be authorised to seek relief under chapter 15 of the U.S. Bankruptcy Code and to take such steps arising in connection therewith as the JPLs may consider appropriate;

3.  That the powers of the JPLs be limited, pursuant to section 170(3) of the Companies Act 1981, as amended (the "**Companies Act**"), to the following powers:

1

(a)     to review the financial position of the Company;

(b)     to consult with the Company in respect of and review, on an ongoing basis, all issues relating to the feasibility of the proposed restructuring of the Company by way of a scheme of arrangement in Bermuda, under section 99 of the Companies Act (the "**Restructuring Proposal**"), to be recommended by the directors of the Company and its advisers, including with respect to the necessary steps which need to be taken in order for the Restructuring Proposal to be successfully implemented to allow the Company to continue as a going concern;

(c)     to do all things the JPLs consider necessary to assist in the implementation of the Restructuring Proposal in consultation with the board of directors of the Company (the "**Board**") and under the supervision of this Honourable Court;

(d)     to monitor the continuation of the business of the Company under the control of the Board and under the supervision of this Court;

(e)     to provide a written report to this Court from time to time and as the JPLs consider appropriate or as this Court may otherwise request;

(f)     to retain and employ, in consultation with the Company, barristers, attorneys and solicitors, and such other agents and professional persons in Bermuda, the United States and elsewhere as the JPLs deem appropriate for the purpose of advising and assisting in the execution of their powers;

(g)     if deemed necessary and in the interests of the Company, to seek the assistance of this Court, as appropriate;

(h)     if deemed necessary by the JPLs, to set up, maintain and control bank accounts at any bank or financial institutions situated in Bermuda or elsewhere as appropriate and accept deposits into and pay monies into such accounts for the purpose of meeting the payment of the fees and expenses of the JPLs including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they may employ subject to the appropriate procedures being

2

agreed with the Company and the creditors of the Company as to how such fees will be determined;

(i)    to render and pay invoices out of the assets of the Company for their own remuneration at their agreed upon rates (and this shall include all costs, charges and expenses of their attorneys, and all other agents, managers, accountants or other person that the JPLs may employ) and pay such invoices out of any retention fund created for that purpose;

(j)    to act as the Company's agent and representative in proceedings in such other jurisdictions as the JPLs deem necessary or appropriate in furtherance and support of the Restructuring Proposal, including proceedings under Chapter 15 of the U.S. Bankruptcy Code, (the "**Chapter 15 Cases**"); to seek any relief available to a "foreign representative" under chapter 15 of the U.S. Bankruptcy Code, including commencing the Chapter 15 Cases, filing petitions and any other documents, motions, affidavits, or similar documents, and otherwise seeking assistance from the U.S. Bankruptcy Courts, including recognition and enforcement under the provisions of the U.S. Bankruptcy Code of any order entered by this court in relation to the Restructuring Proposal; and to take such other action in the United States of America or elsewhere as deemed necessary or appropriate in furtherance and support of the Restructuring Proposal; and

(k)    to do all things incidental to the exercise of the foregoing powers.

4.    The Company shall inform the JPLs of all Board meetings and the JPLs shall be permitted to attend such meetings where the topics to be considered are relevant to the JPLs' oversight of the Company in relation to the Restructuring Proposal.  In addition, the Company will provide the JPLs with updates on management meetings, following such meetings, where practical and where the matters discussed are relevant to the JPLs' oversight role.

650575

5.    The Company shall consult with the JPLs prior to:

(a)    the filing of the originating summons to commence the Restructuring Proposal, and the Company shall not make such filing without the consent of the JPLs;

(b)    the sale or other disposition of any business, operation, subsidiary, division or other significant asset of the Company;

(c)    the determination of the terms of any new investment in the Company;

(d)    the incurrence of indebtedness or borrowing of money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions or other parties, and the granting of security in respect of the same, and providing guarantees of indebtedness or borrowings of affiliates; and

(e)    any material payment or disposition of the Company's property.

6.    For the avoidance of doubt, no payment or disposition of the Company's property made in the ordinary course of business shall be avoided by virtue of the provisions of section 166 of the Companies Act.  No payment outside the ordinary course of business shall be made or effected without prior consultation with the JPLs and no such payment or other disposition made or effected by or with the authority of the JPLs in carrying out their duties and functions and in the exercise of their powers under this order shall be avoided by virtue of the provisions of section 166 of the Companies Act.

7.    In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs including all costs, charges and expenses of their attorneys and all other agents, managers, accountants and other persons that they may employ following consultation with the Company, which are payable in accordance with the terms of any orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Rule 140 of the Companies (Winding-Up) Rules 1982.

8.    Any act which would be valid if carried out by the JPLs jointly, shall be valid if carried out by either of the JPLs solely.

9.    Unless and until the Court so orders, there shall be no obligation to file a statement of affairs of the Company.

10.    Save as are specifically set out herein:

    (a)    the JPLs shall have no general or additional powers or duties with respect to the property or records of the Company;

    (b)    the Board shall continue to manage the Company's affairs in all respects and exercise the powers conferred upon it by the Company's Memorandum of Association and bye-laws, provided always that, should the JPLs consider at any time that the Board is not acting in the best interests of the Company and its creditors and other stakeholders, where applicable, the JPLs shall report same to this Court and seek such directions from this Court as the JPLs are advised are appropriate;

    (c)    the Company shall provide the JPLs with such information as the JPLs may reasonably require in order that the JPLs are able properly to discharge their functions under this Order and as officers of this Court; and

    (d)    the Petitioner's costs of this application be paid out of the assets of the Company on the indemnity basis.

DATED this 1st day of October 2021

PUISNE JUDGE / CHIEF JUSTICE

5

650575

# IN THE SUPREME COURT OF BERMUDA
## COMMERCIAL COURT
## COMPANIES (WINDING UP)
### 2021: No.

**IN THE MATTER OF MARKEL CATCO REINSURANCE FUND LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

## ORDER

---



aswlaw

ASW Law Limited | Crawford House
50 Cedar Avenue | Hamilton, HM11
BERMUDA

Attorneys to the Petitioner
KALG/7363-005



27 Sept. 2021

650575