SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Lisa Laukitis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (admitted *pro hac vice*)
Anthony R. Joseph (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM (UK) LLP
Peter Newman
Kathlene M. Burke
40 Bank Street
Canary Wharf
London E14 5DS
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 15 |
| MARKEL CATCO REINSURANCE FUND LTD., *et al.*, | Case No. 21-11733 (LGB) |
| Debtors in Foreign Proceedings.[1] | (Jointly Administered) |

---

[1]   The Debtors are Bermuda companies registered with the Registrar of Companies in Bermuda. The Debtors' respective registration numbers are as follows: Markel CATCo Reinsurance Fund Ltd. (50599); CATCo Reinsurance Opportunities Fund Ltd. (44855); Markel CATCo Investment Management Ltd. (50576); and Markel CATCo Re Ltd. (50602). Each of the Debtors has its registered office located at Crawford House, 50 Cedar Avenue, Hamilton HM11, Bermuda.

**NOTICE OF FINAL REPORT OF THE FOREIGN REPRESENTATIVE AND
HEARING ON MOTION FOR ORDER CLOSING THE CHAPTER 15 CASES**

        **PLEASE TAKE NOTICE** that on June 9, 2022, Simon Appell of AlixPartners UK LLP and John C. McKenna of Finance & Risk Services Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives (in such capacities, the "**JPLs**" or the "**Foreign Representatives**") of the above-captioned foreign debtors filed the *Final Report and Proposed Order to Close the Chapter 15 Cases* (the "**Final Report and Motion to Close the Cases**").

        PLEASE TAKE FURTHER NOTICE that the Court has scheduled a hearing before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004, for signature at a hearing on **July 12, 2022**, at **10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").

        **PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted remotely using Zoom video. Any parties wishing to appear at the Hearing must follow the procedures set forth in the *Procedures for All Hearings Before Judge Beckerman Being Held by Zoom Video*, attached hereto as **Exhibit 1**.

        **PLEASE TAKE FURTHER NOTICE** that any objection to the Final Report and Motion to Close the Cases must be made in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, in a writing that sets forth the basis for such objection with specificity. Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov) and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon (i) the Foreign Representatives' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001 (Attn: Lisa Laukitis) *and* 155 N. Wacker Drive, Chicago, Illinois 60606 (Attn: Justin M. Winerman and Anthony R. Joseph) *and* Skadden, Arps, Slate, Meagher & Flom (UK) LLP, 40 Bank Street, Canary Wharf, London, E14 5DS (Attn: Peter Newman and Kathlene M. Burke); and (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, so as to be **received** by **4:00 p.m. (prevailing Eastern Time) on July 5, 2022** (the "**Objection Deadline**"), with a courtesy copy served upon the Chambers of the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

        **PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed and served as provided above, the Court may grant the relief requested in the Final Report and Motion to Close the Cases without a hearing or further notice.

        **PLEASE TAKE FURTHER NOTICE** that all parties in interest opposing the Final Report and Motion to Close the Cases or the relief requested therein must attend the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without further notice other than an announcement in open court or a notice of adjournment filed with the Court.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of the Final Report and Motion to Close the Cases and all other documents filed in this case can be accessed from the Court's website, http://ecf.nysb.uscourts.gov (a PACER login and password are required to retrieve documents), free of charge by visiting the Case Website at https://catcobuyout.alixpartners.com, or upon request to counsel to the Foreign Representatives.

Dated: June 9, 2022
New York, New York

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

/s/ Lisa Laukitis
Lisa Laukitis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (admitted *pro hac vice*)
Anthony R. Joseph (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

– and –

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM (UK) LLP

Peter Newman
Kathlene M. Burke
40 Bank Street
Canary Wharf
London E14 5DS
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070

*Counsel to the Foreign Representatives*

## EXHIBIT 1

**Protocol for Judge Beckerman's Hearing Being Held by Zoom Video on July 12, 2022**

## <u>PROCEDURES FOR ALL HEARINGS BEFORE JUDGE BECKERMAN BEING HELD BY ZOOM VIDEO</u>

The Zoom video hearing (the "<u>Hearing</u>") held in connection with this notice will be conducted in accordance with the procedures contained herein. Under Rule 43 of the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure, the current COVID-19 pandemic provides good cause in compelling circumstances to allow this Hearing to be conducted remotely using audio and video conferencing solutions. Accordingly, pursuant to this Court's General Order M-543 regarding the COVID-19 pandemic, and after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate safeguards in relation to the Hearing.

With respect to Hearings that are evidentiary hearings or trials, the procedures contained herein are subject to, and do not limit, the terms of any pre-trial order, scheduling order, or other order regarding the Hearing.

## <u>PROCEDURES</u>

1.    <u>Audio and Videoconferencing Solutions.</u> The Hearing shall take place virtually using both audio and videoconferencing solutions as set forth herein.  The Court shall utilize Zoom for Government (for audio and video purposes).  The Zoom link shall be provided by the Court to the list of persons identified by the parties as Zoom participants in accordance with Section 2 below, and to other attorneys, parties in interest, or members of the public who provide notice to the Court in accordance with Section 3 below.

2.    <u>Prior Notice of Intent to use Zoom.</u> All attorneys appearing before the Court must register for the Hearing through the Electronic Appearance Portal located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by no later than <u>4:00 p.m. one business day before the Hearing</u>.  Failure to register by the specified deadline will result in the party not being admitted to the Hearing.  The Court will circulate the Zoom link to such persons by email after 4:00 pm one business day before the Hearing.  <u>Parties are strictly forbidden from circulating or sharing the Zoom link</u>.

3.    <u>Attendance at the Hearing by Other Attorneys, Parties in Interest, and the Public.</u>  All other attorneys, parties in interest, or members of the public who wish to hear or

observe the Hearing must register for the Hearing through the Electronic Appearance Portal located on the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) by no later than 4:00 p.m. (ET) one business day before the Hearing.  Parties shall indicate that they are requesting listen-only access when registering their appearance.  Failure to register by the specified deadline will result in the party not being admitted to the Hearing.  The Court will circulate by email prior to the Hearing the Zoom link to such persons who wish to hear or observe the Hearing via Zoom.  Parties are strictly forbidden from circulating or sharing the Zoom link.

4.      **Courtroom Formalities.**  Although being conducted using audio and videoconferencing on Zoom, the Hearing constitutes a court proceeding, and any recording other than the official court version is prohibited.  No participant or attendee of the Hearing may record images or sounds of the Hearing from any location.  All parties appearing before the Court must situate themselves in such a manner as to be able to view the video screen and be seen by the Court.  For purposes of this Hearing, the formalities of a courtroom must be observed, except that the Court will permit counsel in this Hearing to be attired in business casual clothing.

5.      **Submission of Exhibits to Court.**  If any of these parties intend to offer any exhibits at the Hearing, such party shall provide the Court (and file on ECF) a copy of the exhibits it will seek to use during the Hearing (either by offering it in evidence or using it for demonstrative purposes) no later than the deadline set forth in Judge Beckerman's Chambers Rules or the applicable scheduling or pretrial order but in any event at least 24 hours before the Hearing.

6.      **Checking in for Hearing.**  Because of the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing beginning half an hour prior to the scheduled start of the Hearing.  Failure to connect to the Hearing at the indicated time may result in significant delays to the start of the Hearing.  When signing into Zoom for Government, participants must type in the first and last name that will be used to identify them at the hearing, and the party they represent (*i.e.*, Jane Doe, Debtor's Counsel).  Participants that type in only their first name, a nickname, or initials will not be admitted into the hearing.  When seeking to connect for video

2

participation in a Zoom for Government hearing, participants will first enter a waiting room ("Waiting Room") in the order in which the participants seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) provided to the Court in accordance with Sections 2 and 3 above. You may experience a delay in the Waiting Room before you are admitted to the Hearing. Once admitted, please turn off video and mute the microphone on Zoom until the matter is called by the Court.

7.     **Retention of Jurisdiction.** The Court retains jurisdiction with respect to all matters arising from or related to these procedures.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | Chapter 15 |
| MARKEL CATCO REINSURANCE FUND LTD., *et al.*, | Case No. 21-11733 (LGB) |
| Debtors in Foreign Proceedings.[1] | (Jointly Administered) |

## FINAL REPORT AND PROPOSED ORDER TO CLOSE THE CHAPTER 15 CASES

Simon Appell of AlixPartners UK LLP and John C. McKenna of Finance & Risk Services Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives (in such capacities, the "**JPLs**" or the "**Foreign Representatives**") of the above-captioned foreign debtors, by and through their undersigned counsel, submit this final report (the "**Final Report**")[2] and represent as follows:

### FINAL REPORT

1.    On October 5, 2021, the Foreign Representatives petitioned this Court [Docket No. 2] (the "**Verified Petition**") for recognition of liquidation proceedings (the "**Provisional Liquidation Proceedings**") under Part XIII of the Companies Act 1981 (the "**Bermuda Companies Act**") before the Supreme Court of Bermuda (the "**Bermuda Court**").[3]

---

[1]    The Debtors are Bermuda companies registered with the Registrar of Companies in Bermuda. The Debtors' respective registration numbers are as follows: Markel CATCo Reinsurance Fund Ltd. (50599); CATCo Reinsurance Opportunities Fund Ltd. (44855); Markel CATCo Investment Management Ltd. (50576); and Markel CATCo Re Ltd. (50602). Each of the Debtors has its registered office located at Crawford House, 50 Cedar Avenue, Hamilton HM11, Bermuda.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Enforcement Motion (as defined below).

[3]    As this Court is aware, prior to the filing of the Verified Petition, the Debtors commenced the Provisional Liquidation Proceedings on September 27, 2021, by filing winding-up petitions with the Bermuda Court and
*(cont'd)*

2.      Debtors Markel CATCo Reinsurance Fund Ltd. (the "**Private Fund**") and CATCo

Reinsurance Opportunities Fund Ltd. (the "**Public Fund**," and together with the Private Fund, the

"**Scheme Companies**") then commenced the schemes of arrangement under section 99 of the

Bermuda Companies Act before the Bermuda Court (the "**Schemes**" and, together with the

Provisional Liquidation Proceedings, the "**Bermuda Proceedings**") by (a) on October 27, 2021,

filing summonses for the Scheme Companies along with an initial supporting affidavit requesting

a hearing for an order that the Scheme Companies convene Scheme Meetings, and (b) on October

28, 2021, issuing a practice direction letter to all Scheme Creditors.

3.      On November 4, 2021, this Court held a recognition hearing. Following the hearing,

this Court entered an order recognizing the Bermuda Proceedings as foreign main proceedings and

granting related relief [Docket No. 23] (the "**Recognition Order**"), including granting comity to

all orders entered in the Bermuda Court and giving them full force and effect in the United States

and enjoining all entities from, among other things, commencing or continuing an individual action

or proceeding concerning the Debtors' assets, rights, obligations, or liabilities to the extent that

they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code (as defined below).

4.      On December 7 and 8, 2021, the Bermuda Court considered the applications by the

Scheme Companies for orders convening meetings of their investors to vote on the Schemes (the

"**Convening Hearings**"). At the conclusion of the hearing, the Bermuda Court took the matter

under advisement.

5.      A further directions hearing was held on February 16, 2022, at which the Bermuda

Court ruled in the Scheme Companies' favor on issues raised at the Convening Hearing and issued

---

making applications seeking the appointment of the JPLs as joint provisional liquidators of the Debtors with
limited "light-touch" powers. On October 1, 2021, the Bermuda Court issued the JPL Appointment Orders
appointing Simon Appell and John C. McKenna as the JPLs.

2

orders on the record authorizing the Scheme Companies to convene the Scheme Meetings (the "**Convening Orders**").

6.       On March 4, 2022, at the Scheme Meetings, the Schemes were approved by overwhelming votes in each class and on March 11, 2022, the Bermuda Court entered the orders approving the Schemes (the "**Sanction Orders**"). *See Second Declaration of Peter Newman in Support of Motion for Entry of an Order Giving Full Force and Effect to Bermuda Schemes of Arrangement* [Docket No. 36] ¶ 11–12.

7.       On February 23, 2022, the Foreign Representatives filed a motion [Docket No. 30] (the "**Enforcement Motion**") seeking entry of an order that, among other things, gives full force and effect to the Schemes and approves the releases (the "**Releases**"), the permanent injunctions (the "**Injunctions**"), the financing, and the related relief described in the Enforcement Motion in support of court-approved and creditor-endorsed Schemes and the Buy-Out Transaction.

8.       On March 16, 2022, this Court entered an order giving full force and effect to the Schemes and providing additional relief in furtherance of the Buy-Out Transaction (the "**Enforcement Order**"), including enforcement of the Releases and the Injunctions in the United States.

9.       The Foreign Representatives' activities in this Court included filing the Verified Petition and the Enforcement Motion, and seeking the relief granted in the Recognition Order and the Enforcement Order.

10.      On March 28, 2022, the completion of the Restructuring (the "**Closing Date**") occurred, and the Schemes have now been fully administered. In particular, the Purchase Price Loan Agreement and other Transaction Documents (including the Settlement Agreement) have been executed, distributions have been made to investors, and the Releases have been granted. As

such, the purpose of the Foreign Representatives' appearance in the Chapter 15 Cases has been completed.

## RELIEF REQUESTED

11.     The Foreign Representatives seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), closing the Chapter 15 Cases (as defined below), without prejudice to the right of the Debtors or the Foreign Representatives to seek an order reopening the Chapter 15 Cases, and further requests that this Court retain jurisdiction with respect to its prior orders in the Chapter 15 Cases, including the effect, enforcement, amendment, or modification of the Proposed Order, the Recognition Order, and the Enforcement Order, and with respect to the effect and enforcement of the Sanction Orders and the Schemes within the territorial jurisdiction of the United States, and any request for additional relief in or related to the Chapter 15 Cases and any request by an entity for relief from the provisions of the Proposed Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction to consider this Final Report pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper under 28 U.S.C. § 1410.

13.     These chapter 15 cases (the "**Chapter 15 Cases**") have been properly commenced pursuant to section 1504 of title 11 of the United States Code (the "**Bankruptcy Code**") by the filing of voluntary petitions for relief for recognition of the Bermuda Proceedings under Bankruptcy Code section 1515 on behalf of the Debtors (the "**Chapter 15 Petitions**").

4

14.     The legal predicates for the relief requested herein are Bankruptcy Code sections 350 and 1517(d), rule 5009(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 5009-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## BASIS FOR RELIEF

15.     Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to section 350, a case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). A chapter 15 case, however, has no "estate" *per se*. *See In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011) ("[A] bankruptcy estate . . . is not created in a Chapter 15 proceeding."). Under Local Rule 5009-2(a), "the Court shall close the case when . . . after notice and a hearing, [the Court] determines that the purpose of the foreign representative's appearance in the chapter 15 case has been completed . . ." L.B.R. 5009-2(a).

16.     A chapter 15 case is deemed fully administered when the purpose for the foreign representative's appearance in court is complete. *See* Fed. R. Bankr. P. 5009(c). If no objection to the final report is filed after 30 days' notice, the case is presumed to have been fully administered and may be closed. *Id.* Alternatively, the Local Rules allow the Court, after notice and hearing, to determine that a chapter 15 case has been fully administered even without the presumption under Bankruptcy Rule 5009(c). *See* L.B.R. 5009-2(a).

17.     As set forth above, the transactions contemplated by the Schemes have been completed and the purpose of the Foreign Representatives' appearance in this Court is completed. In particular, the Purchase Price Loan Agreement and other Transaction Documents (including the

5

Settlement Agreement) have been executed, distributions have been made to investors, and the Releases have been granted.

18.     Bankruptcy Rule 5009(c) sets forth the service requirements for a final report filed in chapter 15 cases, including, among other things, that such report be transmitted to the U.S. Trustee and served on the Debtors, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The Foreign Representatives submit that, because this Final Report is primarily administrative in nature, service of this Final Report and any order entered with respect thereto upon (a) the Debtors, (b) the Foreign Representatives, (c) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and (d) all parties that have requested notice in these Chapter 15 Cases as of the date of service, in the manner required pursuant to the Scheduling Order [Docket No. 12] is in accordance with Bankruptcy Rule 5009(c), is sufficient, and no other or further notice need be provided.

19.     Once served, the Foreign Representatives will file a certificate with this Court indicating that notice of the Final Report has been provided as set forth herein. Assuming no objections are filed by the U.S. Trustee or any party-in-interest within 30 days after the certificate is filed, a presumption will exist that the Chapter 15 Cases have been fully administered.

20.     Aside from the requests for relief herein, there is no outstanding request for relief pending in the Chapter 15 Cases.

21.     For the reasons set forth above, the Foreign Representatives respectfully submit that all of the requirements of Bankruptcy Code section 1517(d) have been satisfied and, thus, that

6

the entry of an order closing the Chapter 15 Cases is proper and that the Chapter 15 Cases may therefore be closed.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Foreign Representatives respectfully request that the Court enter an order: (i) granting the relief requested herein and (ii) granting such additional relief as the Court deems proper and just.

Dated: June 9, 2022
      New York, New York

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

*/s/ Lisa Laukitis*
Lisa Laukitis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Justin M. Winerman (admitted *pro hac vice*)
Anthony R. Joseph (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

– and –

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM (UK) LLP

Peter Newman
Kathlene M. Burke
40 Bank Street
Canary Wharf
London E14 5DS
Telephone: +44 20 7519 7000
Fax: +44 20 7519 7070

*Counsel to the Foreign Representatives*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re* | Chapter 15 |
| MARKEL CATCO REINSURANCE FUND LTD., *et al.*, | Case No. 21-11733 (LGB) |
| Debtors in Foreign Proceedings.[1] | (Jointly Administered) |

## <u>ORDER CLOSING CHAPTER 15 CASES</u>

Upon consideration of the *Final Report and Proposed Order to Close the Chapter 15 Cases* (the "**Final Report**")[2] and due and sufficient notice of the Final Report having been given; and no objections or responses to the Final Report having been filed; and it appearing that the relief requested in the Final Report is in the best interests of the Debtors and other parties-in-interest in the Chapter 15 Cases; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      This Court has jurisdiction to consider the Final Report and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper under 28 U.S.C. § 1410.

---

[1]    The Debtors are Bermuda companies registered with the Registrar of Companies in Bermuda. The Debtors' respective registration numbers are as follows: Markel CATCo Reinsurance Fund Ltd. (50599); CATCo Reinsurance Opportunities Fund Ltd. (44855); Markel CATCo Investment Management Ltd. (50576); and Markel CATCo Re Ltd. (50602). Each of the Debtors has its registered office located at Crawford House, 50 Cedar Avenue, Hamilton HM11, Bermuda.

[2]    Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Final Report.

B.      Appropriate notice of the filing of the Final Report was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

C.      On November 4, 2021, this Court entered an order recognizing the Bermuda Proceedings as foreign main proceedings and granting related relief [Docket No. 23] (the "**Recognition Order**"), including granting comity to all orders entered in the Bermuda Court and giving them full force and effect in the United States and enjoining all entities from, among other things, commencing or continuing an individual action or proceeding concerning Debtors' assets, rights, obligations, or liabilities to the extent that they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code.

D.      On March 16, 2022, this Court entered an order giving full force and effect to the Schemes and providing additional relief in furtherance of the Buy-Out Transaction (the "**Enforcement Order**"), including enforcement of the Releases and the Injunctions in the United States.

E.      On March 28, 2022, the completion of the Restructuring (the "**Closing Date**") occurred.

F.      Thirty days have passed since the Foreign Representatives filed their certificate of service in respect of the Final Report, no objections thereto have been filed, and the Chapter 15 Cases are presumed to have been fully administered. For all of the foregoing reasons and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1.      The Chapter 15 Cases have been fully administered and are hereby closed pursuant to sections 350 and 1517(d) of the Bankruptcy Code and Local Rule 5009-2(a), without prejudice

to the right of the Debtors or the Foreign Representatives to seek an order reopening the Chapter 15 Cases under section 350(b) or Local Rule 5009-2(b).

2.      Notwithstanding this Order, all prior orders entered in the Chapter 15 Cases shall remain in full force and effect and shall survive following the entry of this Order.

3.      This Court shall retain its jurisdiction with respect to its prior orders in the Chapter 15 Cases, including the effect, enforcement, amendment, or modification of this Order, the Recognition Order, and the Enforcement Order, and with respect to the effect and enforcement of the Sanction Orders and the Schemes within the territorial jurisdiction of the United States, and any request for additional relief in or related to the Chapter 15 Cases and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated:          _____, 2022
                New York, New York


                                    _____
                                    HON. LISA G. BECKERMAN
                                    UNITED STATES BANKRUPTCY JUDGE